UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN THE MATTER OF, ) | |
| ) | |
| NEW ENERGY CORP., ) | CAUSE NO. 3:13-CV-205 |
| ) | RELATED UNITED STATES |
| DEBTOR. ) | BANKRUPTCY COURT FOR THE |
| ) | NORTHERN DISTRICT OF INDIANA |
| NATURAL CHEM HOLDINGS, LLC, ) | CAUSE NO. 12-33866 |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| ENERGY. ) | |

## MEMORANDUM AND ORDER

Natural Chem Holdings, LLC, which objected in the bankruptcy court to the sale in an auction of the debtor's assets, moves to withdraw the reference of certain matters to the bankruptcy court and stay the proceedings in the bankruptcy court until Natural Chem can be heard further on its contention that collusive bidding influenced the auction. Natural Chem attended, but didn't bid or object at the auction. For the reasons that follow, the court concludes that (1) Natural Chem doesn't have standing to seek to withdraw matters to the district court and/or to stay matters; (2) if Natural Chem is properly in this court, it hasn't shown any of the things that must be shown for a district court to withdraw reference of a matter to a bankruptcy court; and (3) if Natural Chem is properly here and withdrawal is proper, Natural Chem hasn't made the showings necessary for a stay. Accordingly, the court denies Natural Chem's motion.

I

Under the Bankruptcy Amendments and Federal Judgeship Act of 1984, district courts have original jurisdiction over all cases arising under Title 11 of the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may, as this district has, N.D. Ind. L.R. 200-1(a)(1), automatically refer those cases to the district's bankruptcy court. See 28 U.S.C. § 157(a). Hence, the voluntary chapter 11 bankruptcy petition that New Energy Corp. filed in November 2012 began its progress in the bankruptcy court by virtue of that automatic referral. A "district court may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy court], on its own motion or on timely motion of any party, for cause shown," 28 U.S.C. § 157(d), and cannot do so without such a withdrawal. Home Ins. Co. of Illinois v. Adco Oil Co., 154 F.3d 739, 741-742 (7th Cir. 1998).

New Energy Corp. is an ethanol plant in South Bend, Indiana. Five days after filing its chapter 11 petition, New Energy filed motions to sell substantially all its assets and to establish bidding procedures for that sale. After notice of the hearing and an opportunity for filing objections, the bankruptcy court granted the motion to set bidding procedures and set a deadline of January 30, 2013 for any objections to the sale motion. A hearing on the sale was set for February 5.

Natural Chem Holdings, LLC, expressed interest in bidding at the auction, but didn't comply with the bidding procedures. Bidders were required to make a good faith bid deposit of $250,000, and Natural Chem deposited only a tenth of that amount. Natural Chem submitted what it considers to have been "bids," but

concedes that its "bids" didn't conform to the bidding procedures the bankruptcy court had approved. The auction was held on January 31. The successful bidder was Maynards Industries (1991) Inc. and Biditup Auctions Worldwide, Inc. Natural Chem believes the procedures were violated because while the entities in the successful joint venture each had complied with the original bidding procedures, the joint venture (which formed during the auction) hadn't done so. Natural Chem also believes the rules were changed during the auction.

On February 4, Natural Chem opposed New Energy's request for an order approving the sale based on what it deemed illegal collusion. The bankruptcy court allowed Natural Chem (and the City of South Bend, which also opposed the sale motion) to participate in the February 5 hearing. The bankruptcy court heard evidence and argument, found no credible evidence of collusion, expressed doubts about Natural Chem's standing to participate in the bankruptcy action, overruled Natural Chem's objection, and granted the debtor's sale motion.

Natural Chem followed with a flurry of filings in the bankruptcy court relating to the sale of the ethanol plant. The bankruptcy court denied several of Natural Chem's motions (including its motion to reconsider the approval of the sale) on February 26. On the same day, Natural Chem filed its motion to withdraw reference with the bankruptcy court; the next day, Natural Chem filed its notice of appeal with the bankruptcy court, directed to the denial of the motion to reconsider. The bankruptcy court noted that Natural Chem had filed no motion to stay pending appeal, leaving everyone free to proceed with the sale. The record

on appeal arrived at the district court on March 20, and an appellate case has been opened.

On March 14, the bankruptcy court entered its report and recommendation that this court deny Natural Chem's motion for withdrawal of reference and motion for stay pending ruling. On March 18, the ethanol plant was sold to the successful bidders for a total purchase price of $2.5 million. This court heard argument on the motions on March 21. For the reasons that follow, the court denies Natural Chem's motion for withdrawal of reference and motion for stay.

II

A

Debtor New Energy Corp. and creditor United States Department of Energy argue that Natural Chem doesn't have standing to challenge the auction or the debtor's motion to approve the sale; the trustee, the successful bidder, and the creditors' committee agree. New Energy made the same argument in the bankruptcy court. The bankruptcy court responded that it was interested whenever anyone raised the issue of fraud on the court and collusion in a bidding process. Without deciding the standing issue, the bankruptcy court allowed Natural Chem to present evidence regarding the sale process and the auction.

After hearing the evidence. the bankruptcy court found that Natural Chem was not qualified to bid at the auction. The bidding procedures required a bidder to make a good faith bid deposit of $250,000 and submit an asset purchase

agreement, but the bankruptcy court determined Natural Chem made a deposit of only $25,000 and didn't submit a conforming asset purchase agreement. The bankruptcy court also heard testimony about the alleged collusive conduct at the auction. At the conclusion of the hearing, the court questioned its decision to treat Natural Chem as a party in interest in light of the evidence presented at the hearing that it was not a qualified bidder, but nevertheless ruled on the merits of Natural Chem's allegations and overruled the objection and denied the motion opposing the approval of the sale.

Natural Chem contends it has standing as an unsuccessful bidder at the auction. The trustee is granted the authority to challenge a bankruptcy sale transaction under 11 U.S.C. § 363(n), and an unsuccessful bidder whose injury or pecuniary loss "is the speculative profit it might have made had it succeeded in purchasing property at an auction" typically can't challenge a sale. In re Hat, 310 B.R. 752, 758 (Bankr. E.D. Cal. 2004). But as Natural Chem emphasizes, this exclusion isn't absolute. Unsuccessful bidders can challenge the equity of a bankruptcy sale transaction. In re Colony Hill Assocs., 111 F.3d 269, 274 (2d Cir. 1997) (*citing* In re Harwald Co., 497 F.2d 443, 444-445 (7th Cir. 1974)). Under this theory, however, standing is based "on the assumption that sales tinged by fraud, mistake or unfairness would generally result in an accepted bid below that which might have been expected in a fair, free market situation" and by challenging the "intrinsic structure of the sale, [the unsuccessful bidder] brings himself within the zone of interests which the Bankruptcy Act seeks to protect and to regulate." In

5

re Colony Hill Assocs., 111 F.3d at 274 (*quoting* In re Harwald Co., 497 F.2d 443, 444-445 (7th Cir. 1974)). Standing to challenge a bankruptcy court decision generally involves a party that was directly and adversely affected pecuniarily by the bankruptcy court's order and with an interest within the zone protected or regulated by the Bankruptcy Act. In re HST Gathering Co., 125 B.R. 466, 467 (W.D. Tex. 1991).

An unsuccessful bidder's pecuniary loss is the profit that might have come to be if he had won the auction. Natural Chem contends it was an unsuccessful bidder that participated in the auction. After an extensive hearing, the bankruptcy court found that Natural Chem wasn't qualified to bid at the auction because it hadn't made the required good faith bid deposit or filed a conforming asset purchase agreement. The other parties emphasize that not only was Natural Chem unqualified to bid, it didn't actually place any bids at the auction. Natural Chem was present at the auction, and CEO Robert Salazar states in his affidavit that Natural Chem "filed two bid proposals, one a purchase proposal and the other a lease option proposal." The Department of Energy says the bids to which Natural Chem refers were a bid deposit and a lease option proposal, not bids to purchase the assets immediately. Mr. Salazar also claims Natural Chem filed "all other required documents," including an asset purchase agreement. Mr. Salazar concedes Natural Chem tendered a $25,000 deposit, but says the debtor and the Department of Energy had the discretion to allow changes to the bid procedures, and Natural Chem asked to be allowed to participate in the auction without

6

submitting the required $250,000 deposit. According to Mr. Salazar, New Energy didn't accept Natural Chem's proposals. The affidavit isn't clear whether Mr. Salazar refers to the purchase and lease option proposals, the proposal that Natural Chem be allowed to participate without making the full deposit, or all of the above. Natural Chem was an unsuccessful bidder that was not qualified to participate in the auction.

Natural Chem's claim also falls outside the zone of interest protected by the Bankruptcy Act. The bankruptcy statutes governing sales by trustees are meant to protect the estate and the creditors, not potential purchasers. In re HST Gathering Co., 125 B.R. at 468. The standing granted to unsuccessful bidders, whose interest is obtaining the property, is correlated with the creditors' interest in maximizing their recovery from the estate. In re Moran, 566 F.3d 676, 682 (6th Cir. 2009). The two interests must align for an unsuccessful bidder to have standing. In re Moran, 566 F.3d at 682. The bankruptcy court found the bidding at the auction increased after the joint venture was formed. The trustee and creditors oppose Natural Chem's motions and emphasize the cost of the delay and litigation imposed on all parties. *Cf.* In re Hat, 310 B.R. at 755 (trustee didn't oppose the unsuccessful bidder's motion for reconsideration); In re Colony Hill Assocs., 111 F.3d at 272 (secured creditor initially amenable to unsuccessful bidder participating in the auction). Natural Chem seeks nullification of the sale, but Natural Chem doesn't suggest that it will bid more than the current sale price or that a new sale would result in a higher sale price.

The Department of Energy says Natural Chem's quest to nullify the sale is causing a small estate to diminish its assets quickly and the time spent litigating against a party without a financial interest in the estate is costing the creditors a lot of money. While the cost of litigation in general isn't a reason to defeat standing for an unsuccessful bidder, Natural Chem's allegations of collusion are harming the creditors, not helping maximize their recovery. Natural Chem's interest is simply not aligned with the creditors, so it lacks standing to challenge the sale as an unsuccessful bidder.

B

Natural Chem's motion to withdraw reference alluded to a variety of supporting facts and reasons: it had demanded a jury demand; it claimed a denial of its due process rights; the sale order hearing was conducted on too little notice for Natural Chem; the debtor and successful bidders were refusing to provide discovery; the bankruptcy court hadn't acted in a timely manner on Natural Chem's motion to compel discovery; the bankruptcy court failed to find the facts that Natural Chem had established when it was trying to prove bidder collusion; the bankruptcy court failed to act against the bidder collusion; and the debtor's assets would be sold if the district court didn't act.

Explaining that the sale of the New Energy assets changes things, Natural Chem appears to have discarded all the bases for its motion to withdraw save one. Natural Chem asks the court to withdraw reference so that this court can stay the

proceedings in the bankruptcy court — specifically, to prevent disposal of the proceeds of the sale that gives rise to Natural Chem's concern in the bankruptcy court and in this court.

Natural Chem concedes that it has found no authority for the proposition that a district court can withdraw reference for the sole purpose of granting a stay. Indeed, under such circumstances, it's difficult to define precisely what part of the bankruptcy case the district court would purport to withdraw. The court assumes Natural Chem seeks withdrawal of the stay motion it filed (or might not have filed, since it didn't comply with court rules, *see* N.D. Ind. L.B.R. B-9013-1(a)) in the bankruptcy court and the motion to reconsider, since it now seeks no other relief in this court. Analysis of such a request under the traditional yardstick for withdrawal of reference demonstrates why withdrawal solely to stay would rarely (if ever) be permissible, and is impermissible in this case.

In deciding whether good cause exists for withdrawal, district courts consider "whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved." Abrams v. DLA Piper (US) LLP, No. 2:12-CV-19, 2012 WL 1714591, at *3 (N.D. Ind. May 15, 2012). None of these factors favor withdrawal of the reference.

Whether a claim is a core matter has been said to be the most important of these factors. In re Conseco Fin. Corp., 324 B.R. 50, 53 (N.D. Ill. 2005). Approval of the sale of property of a debtor's estate is a core proceeding. 28 U.S.C. § 157(b)(2)(N). Natural Chem demanded a jury trial, but it appears to have no right to a jury determination of the equitable and discovery-related issues as to which the demand relates. *See* Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1102 (2d Cir. 1993). The bankruptcy court's familiarity with this case exceeds that of the district court (though both courts are in the same district, so this factor carries little weight). At the hearing on Natural Chem's motions in this court, the other parties were unanimous in reporting the costs they are suffering even in delaying things long enough to discuss withdrawal of the reference.

A withdrawal motion's timeliness has been called the "threshold question," Davis v. Mahlmann (In re Mahlmann), 149 B.R. 866, 869 (N.D. Ill. 1993), given the importance of expeditiousness in bankruptcy proceedings. *See* In re Baldwin-United Corp., 57 B.R. 751, 753 (S.D. Ohio 1985) ("If a motion could have been filed earlier and it is filed at a time when it could delay and consequently jeopardize the reorganization, it would not be timely."). The motion's timing loudly suggests that withdrawing this reference would encourage and increase forum shopping. Natural Chem filed its motion when its pleas for relief in the bankruptcy court failed, both originally and on reconsideration. Natural Chem is appealing the bankruptcy court's denial of the reconsideration motion. An attempt to vest both

10

appellate and original jurisdiction in the district court looks, walks, and quacks like forum shopping. *See, e.g.*, In re Powelson, 878 F.2d 976, 983 (7th Cir. 1989). Withdrawal of this reference would impede judicial economy, unless it is assumed that this court should look over its own shoulder in dual capacities as trial and appellate court.

Withdrawal of the reference would be inconsistent with case law that has developed around 28 U.S.C. § 157(d).

C

Even if this court had good cause to withdraw the reference, the court wouldn't do so because Natural Chem hasn't made the showing necessary for the stay it seeks. A party seeking a bankruptcy stay must show each of the factors required for nearly any injunctive relief: a substantial probability that it will succeed on the merits; it will suffer irreparable harm if the stay is denied; the potential harm to the movant from erroneous denial of the motion outweighs the irreparable harm an erroneous injunction would cause the parties to be enjoined; and the stay will serve the public. *See* In re The Antioch Co., 435 B.R. 493, 497 (Bankr. S.D. Ohio 2010).

Robert Salazar's affidavit establishes a better than negligible chance of success on the merits. The chance of success is no greater than that because it's likely that success on the appeal will require Natural Chem to show that the bankruptcy court abused its discretion as a fact-finder, which is among the most

11

difficult burdens in the law. But it can't be said that Natural Chem's chances of succeeding on the appeal are entirely nil.

What was just said, of course, assumes that "success on the merits" relates to the appeal that has recently reached this court. It seems odd that "success on the merits" in one case should consist of success in another case, but ours is an odd case.

Even assuming that Natural Chem has shown a reasonable likelihood of success on the merits, it has shown no irreparable harm. It didn't satisfy the pre-announced requirements for participation in what the bankruptcy court found to have been a fairly conducted auction. Natural Chem sees it differently, of course: it sees itself as having chosen not to participate under rules the debtor claimed would apply, then watched as the debtor applied different rules to bidders who had qualified. But even if that might be true, National Chem has made no representations that if the auction and sale are walked back for a new auction, it would outbid the joint venture that purchased the plant for $2.5 million. There is an interest in losing out in a fair auction — and it bears repeating that after two tries in the bankruptcy court, Natural Chem hasn't persuaded a fact-finder that this wasn't a fair auction — but it doesn't seem to be the sort of irreparable harm that should bring a bankruptcy to a dead stop.

Even assuming that Natural Chem would suffer some sort of irreparable harm, the trustee, the debtor and the creditors unanimously informed this court that they are losing and/or spending money every day Natural Chem extends the

proceedings. Natural Chem has made no effort to compare the irreparable harm it says it will suffer without a stay to the financial loss being suffered by everyone in the bankruptcy proceeding.

Natural Chem isn't entitled to a stay under the law.

III

Natural Chem hasn't shown that it has standing to move to withdraw the reference to the bankruptcy court or to move to stay disposal of the proceeds of the sale of most of the debtor's assets. Natural Chem hasn't shown that withdrawal of the reference to the bankruptcy court is proper under today's understanding of the law. Natural Chem hasn't shown that a stay of the bankruptcy proceedings would be a proper — or perhaps even a permissible — exercise of the district court's discretion. For these reasons, as well as those set forth in the report and recommendation, the court (1) OVERRULES Natural Chem's objections to the bankruptcy court's report and recommendation, (2) ADOPTS the bankruptcy court's report and recommendation, and (3) DENIES Natural Chem's motion for withdrawal of certain matters to United States District Court and motion for stay pending ruling by United States District Court.

SO ORDERED.

ENTERED:   March 22, 2013

                                     /s/ Robert L. Miller, Jr.
                                     Robert L. Miller, Jr., Judge
                                     United States District Court